IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRA HARRIS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No.  2:22-cv-302 |
| ) | |
| WALMART INC., WAL-MART STORES, LP, ) | |
| WAL-MART STORES EAST, INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

The Defendant, WAL-MART STORES EAST, LP (hereinafter "Wal-Mart"), by and through its attorneys, James P. Balog and Michael R. Riss of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Indiana, Hammond Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. The named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Illinois. (*See* Plaintiff's Complaint at Law attached hereto and incorporated herein as Exhibit A, ¶ 1).

3. Wal-Mart Stores East, LP is a foreign limited partnership which is, and was at the time the above-captioned case was filed in State Court, a "resident" of Arkansas and Delaware. Citizenship of a limited partnership for purposes of diversity jurisdiction is the citizenship of its partners, general and limited. *Guar. Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996). WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  These are the only partners of Wal-Mart Stores East, LP.

4. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. Citizenship of a limited liability company (LLC) for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart, Inc.

5. Walmart Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. The principal place of business for all the above-mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Walmart Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit B).

6. As Plaintiff is an Illinois citizens and the above Wal-Mart entities are incorporated in Delaware with their principal place of businesses in Arkansas, complete diversity exists pursuant to 28 U.S.C. § 1332, 1441 and 1446.

7. This matter arises out of an alleged slip and fall accident which occurred on August 26, 2020, at the Wal-Mart Supercenter, store #1576, located at 1555 US Hwy 41, Schererville, Lake County, Indiana 46375. The Plaintiff, TERRA HARRIS, filed a Complaint in the Lake County Superior Court, styled *Terra Harris v. Walmart, Inc., et al.*, bearing Lake County Superior Court, Indiana, Case No. 45D05-2208-CT-000780. (Exhibit A).

8. Wal-Mart first received Plaintiff's Complaint when it was served with process on August 16, 2022 (*See* Exhibit A). In response to the Complaint, WAL-MART STORES EAST, LP filed its Appearance, Jury Demand, and its Requests for Admission of Facts on August 26, 2022. (*See*

WAL-MART STORES EAST, LP Appearance and Jury Demand, attached hereto and incorporated herein as Group Exhibit C).

9. The Requests for Admission of Facts seeks Plaintiff to admit that each is, and was at the time of the incident, a citizen of Indiana and that the amount in controversy exceeds $75,000. (*See* Defendant's Request for Admission of Facts attached hereto and incorporated herein as Exhibit D).

10. Pursuant to Rule 36 of Indiana Rules of Trial Procedure, governing Requests for Admission, all facts set forth in requests will be deemed true if the answering party fails to respond in thirty (30) days. As such, Plaintiff had on or before September 26, 2022, to provide her responses to the Defendant.

11. As of writing this Notice of Removal, Plaintiff has failed to provide answers to Defendant's Requests for Admission of Facts within the required timeframe, and thus, all facts are admitted as true.

12. Where a case is not removable by review of the initial pleadings, WAL-MART STORES EAST, LP, has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, WAL-MART STORES EAST, LP, has properly filed its Notice of Removal within the applicable thirty-day time frame, as until September 26, 2022, WAL-MART STORES EAST, LP, had no notice that this case exceeded the jurisdictional amount necessary to trigger removal. (*See* Exhibit A; *See* Exhibit D).

13. With the first notice that the amount in controversy exceeded $75,000 occurring on September 26, 2022, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

14. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Lake County Superior Court, a true and correct copy of this Notice.

15. By removing this action, Defendant does not waive any defenses available to it.

16. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

17. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: October 17, 2022

Respectfully submitted,
O'HAGAN MEYER LLC

By: */s/ James P. Balog*
One of the Attorneys for Defendant,
Wal-Mart Stores East, LP

James P. Balog, Esq.
Michael R. Riss, Esq.
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
mriss@ohaganmeyer.com